IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY BARBER,                          )
                                        )          2:05-cv-2326-GEB-DAD
                    Plaintiff,          )
                                        )
          v.                            )          ORDER[*]
                                        )
CLIFF SIMPSON, and                      )
UNADELL TURNER,                         )
                                        )
                    Defendants.         )
————————————————————————————————————————)

      Defendants move to dismiss this action for lack of subject matter jurisdiction, or alternatively, for failure to exhaust tribal court remedies.[1]  Plaintiff moves for summary judgment on the issue whether the Washoe Tribal Court exceeded the lawful limits of its jurisdiction.

BACKGROUND

      Plaintiff and Defendants are enrolled members of the Washoe Tribe of Nevada and California.  (Pl.'s Compl. ¶¶ 5-6.)  Plaintiff alleges he "currently resides on, and exercises sole possession of a

---

[*]    This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1]    Defendants also move to dismiss certain claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7); however, because of the ruling herein these issues need not be decided.

distinct portion of [an eighty acre parcel of land located in Alpine County, California,] consisting of approximately five acres known as '425 Barber Road, Marleeville, California.'" (<u>Id.</u> ¶ 8.)  Plaintiff asserts "ownership of 425 Barber Road and a continuing right to possess the property pursuant to the doctrine of 'individual aboriginal title.'"[2]  (<u>Id.</u> ¶ 11.)  Defendants assert a "superior right to possess 425 Barber Road on the ground that the property is [part of an allotment] owned by the United States of America in trust for the benefit of Defendants and other individuals not including the Plaintiff."[3]  (<u>Id.</u> ¶ 11.)

"Defendants brought a 'Complaint for Eviction' against Plaintiff in the Washoe Tribal Court," which sought "to establish and enforce their allegedly superior right of possession."  (<u>Id.</u> ¶ 12.)  Plaintiff filed a "Special Appearance to Dispute Jurisdiction of the Washoe Tribal Court," in which he argued the tribal court lacked jurisdiction "because the United States is an indispensable party to such adjudication."  (<u>Id.</u> ¶¶ 13, 15.)  The Washoe Tribal Court determined it had subject matter jurisdiction over the action.  (<u>Id.</u>

---

[2]    "Individual aboriginal title . . . [is] established when an Indian shows that either [he] or [his] lineal ancestors continuously occupied a parcel of land, as individuals, before the land was withdrawn from entry for settlement."  42 C.J.S. Indians § 69 (citing <u>United States v. Kent</u>, 945 F.2d 1441 (9th Cir. 1991)).  Individual aboriginal title "involves mere possession not specifically recognized as ownership . . . and is not a property right but amounts to a right of occupancy . . . ."  <u>Id.</u> (citing <u>Tee-Hit-Ton Indians v. United States</u>, 348 U.S. 272, 279 (1955)).

[3]    "Where an allotment is held in trust the title to and control over the land remain in the United States, in trust for the use and benefit of the allottee . . . . The allottee has equitable title and the right to exclusive possession of the allotted land, subject to the supervisory power of the government."  42 C.J.S. Indians § 85  (citing <u>Tooahnippah v. Hickel</u>, 397 U.S. 598 (1970), and <u>St. Marie v. United States</u>, 24 F. Supp. 237 (S.D. Cal. 1938)).

1  ¶ 14.)  Plaintiff subsequently filed "an interlocutory appeal to the
2  Inter-Tribal Court of Appeals in Reno, Nevada," which "ruled that the
3  Washoe Tribal Court had subject matter jurisdiction of the tribal
4  court litigation between Defendants and Plaintiff."  (Id. ¶¶ 13-14;
5  Defs.' Mot. to Dismiss Ex. A.)

6       The Washoe Tribal Court held a bench trial in the eviction
7  action, during which Plaintiff and Defendants testified and several
8  exhibits were admitted into evidence.  (Defs.' Mot. Ex. C.)  Based on
9  the evidence presented, the Washoe Tribal Court concluded "that the
10  United States of America owns the property in trust for the benefit of
11  Defendants and that Plaintiff has no individual aboriginal rights in
12  the property."  (Pl.'s Compl. ¶ 17; Defs.' Mot. Ex. C.)  The Washoe
13  Tribal Court granted Defendants "the right and authority to evict
14  Plaintiff" from the property.  (Pl.'s Compl. ¶ 18; Defs.' Mot. Ex. C.)
15  Plaintiff appealed the Washoe Tribal Court judgment to the Inter-
16  Tribal Court of Appeals, but an appellate decision has not yet issued.
17  (Defs.' Mot. Ex. F.)

18       On November 17, 2005, Plaintiff filed this federal action,
19  seeking a judgment declaring "the Washoe Tribal Court exceeded the
20  proper limits of its jurisdiction in purporting to adjudicate the
21  disputed ownership of 425 Barber Road, which is real property in which
22  the United States of America claims and interest."  (Pl.'s Compl.
23  ¶¶ 20, 22.)  In addition, Plaintiff seeks judgment declaring that the
24  tribal court judgment is void and not entitled to recognition because
25  the tribal court lacked jurisdiction, and that Plaintiff "enjoys a
26  continuing right to possess 425 Barber Road" until Plaintiff obtains
27  "a lawful adjudication."  (Id. ¶¶ 21-22, 25-27.)  Plaintiff also
28  requests preliminary and permanent injunctions prohibiting Defendants

from enforcing the tribal court judgment and interfering with his possession of 425 Barber Road. (<u>Id.</u> ¶¶ 21-28.)

On January 26, 2006, Defendants filed a motion to dismiss for, inter alia, lack of subject matter jurisdiction and failure to exhaust tribal court remedies. (Defs.' Mot. at 2-7, 9-10.)  On February 27, 2006, Plaintiff filed what he characterized as a related motion for summary judgment on all his claims. (Pl.'s Mot. Summ. J. at 2.)  An Order issued February 28, 2006, vacated the motion because it was not timely noticed for hearing as required by the Local Rules. However, it was later determined that one of the issues in the summary judgment motion should be considered simultaneously with the dismissal motion. (<u>See</u> Order, March 16, 2006, at 1.)  An Order filed March 16, 2006, set forth a briefing schedule for the parties to address that issue; specifically, whether the tribal court exceeded the lawful limits of its jurisdiction. (<u>Id.</u> at 2.)  In accordance with that schedule, Plaintiff filed an Opening Brief on March 3, 2006, Defendant filed a Response Brief on April 10, 2006, and Plaintiff filed a Reply Brief on April 17, 2006.

DISCUSSION

I.  <u>Subject Matter Jurisdiction</u>

Defendants acknowledge "[f]ederal courts have subject matter jurisdiction to determine whether a tribal court has exceeded the limits of its jurisdiction," but contend this Court lacks subject matter jurisdiction because the Washoe Tribal Court did not in fact exceed the limits of its jurisdiction. (Defs.' Mot. at 3.)  Plaintiff rejoins that whether the tribal court lacked jurisdiction "goes to the merits of Plaintiff's claims, not the subject matter jurisdiction of this Court." (Pl.'s Reply at 2.)  Plaintiff asserts "the question

4

whether a person must submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a federal question under 28 U.S.C. § 1331."  (Pl.'s Opp'n at 3.)

Subject matter jurisdiction is determined by the allegations in the complaint, "not upon the facts as they may turn out, or by a decision of the merits."  Levering & Garriques Co. v. Morrin, 289 U.S. 103, 105 (1933).  When a complaint alleges "facts stating a colorable claim that the [tribal court] . . . exceeded [its] powers under federal law, common or otherwise," Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1272 n.5 (9th Cir. 1991), "a federal court may determine under [28 U.S.C.] § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction," Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians, 471 U.S. 845, 852-53 (1985).  See also FMC v. Shoshone-Bannock Tribes, 905 F.2d 1311, 1314 (9th Cir. 1990) (stating "the question of tribal court jurisdiction is a federal question").

Plaintiff's Complaint alleges "the Washoe Tribal Court exceeded the proper limits of its jurisdiction in purporting to adjudicate the disputed ownership of 425 Barber Road, which is real property in which the United States of America claims an interest." (Pl.'s Compl. ¶ 20.)  In light of these allegations, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 to determine whether the tribal court exceeded the lawful limits of its jurisdiction.  See Nat'l Farmers, 471 U.S. at 852-52.  In addition, the Court has supplemental jurisdiction over Plaintiff's other claims for declaratory and injunctive relief, all of which are premised on a lack of tribal court jurisdiction, because these claims "are so

1   related . . . that they form part of the same case or controversy

2   under Article III." See 28 U.S.C. § 1367.

3   II.  Exhaustion of Administrative Remedies

4           Defendants argue Plaintiff has not exhausted tribal court

5   remedies because Plaintiff appealed the final Washoe Tribal Court

6   judgment, but the Inter-Tribal Court of Appeals has not yet decided

7   that appeal.  (Defs.' Mot. at 9.)  Plaintiff asserts "jurisdiction is

8   not a live question" in the pending appeal because "the Inter-Tribal

9   Court of Appeals already . . . ruled [on interlocutory appeal] that

10  the tribal court has jurisdiction over [the eviction] action."  (Pl.'s

11  Opp'n at 6, n.3 (citations and quotation marks omitted).)  Plaintiff

12  contends he has exhausted tribal court remedies because the Washoe

13  Tribal Court and Inter-Tribal Court have both been "given a full

14  opportunity to determine their own jurisdiction, and they

15  unequivocally made determinations in favor of such jurisdiction."

16  (Id. at 6.)

17          "[T]he Supreme Court [has] held that a party must exhaust

18  tribal court remedies before a federal district court may entertain a

19  challenge to tribal jurisdiction."  Yellowstone County v. Pease, 96

20  F.3f 1169, 1171 (9th Cir. 1996) (citing National Farmers, 471 U.S.

21  at 857).  Consequently, "a federal court must give the tribal court a

22  full opportunity to determine its own jurisdiction, which includes

23  exhausting opportunities for appellate review in tribal court."

24  Boozer v. Wilder, 381 F.3d 931, 852 (9th Cir. 2005).  The Washoe

25  Tribal Court determined it had jurisdiction over the eviction action,

26  and the Inter-Tribal Court of Appeals affirmed the Washoe Tribal Court

27  decision on interlocutory appeal.  (See supra page 2.)  Therefore,

28  tribal remedies have been exhausted because the tribal court "has had

1   a full opportunity to determine its own jurisdiction and to rectify
2   any errors it has made."  <u>See</u> <u>Nat'l Farmers</u>, 471 U.S. at 857.
3   IV.  <u>Tribal Court Jurisdiction</u>
4          Plaintiff argues the Washoe Tribal Court exceeded the lawful
5   limits of its jurisdiction by adjudicating the eviction action brought
6   by Defendants against Plaintiff to obtain possession of allotted land
7   held by the United States in trust for the benefit of Defendants.
8   (Pl.'s Opening Brief at 4.)  Plaintiff contends the tribal court
9   lacked jurisdiction because "the United States was an indispensable
10  party . . . [but] was in fact not a party (and could not be made a
11  party) to the proceedings . . . ."  (<u>Id.</u> at 7.)
12         "[A] long line of cases . . . have consistently held that,
13  whenever Indian tribes or individual Indians sue to recover either
14  tribal land or individual allotments, the United States is not an
15  indispensable party."  <u>Oneida Indian Nation of New York State v.</u>
16  <u>County of Oneida</u> 434 F. Supp. 527 (1977) (collecting cases); <u>Puyallup</u>
17  <u>Indian Tribe v. Port of Tacoma</u>, 717 F.2d 1251, 1254 (9th Cir. 1983)
18  (stating "the rule is clear in [the Ninth] Circuit and elsewhere that,
19  in a suit by an Indian tribe to protect its interest in tribal lands
20  . . . [the United States] is not an indispensable party in whose
21  absence litigation cannot proceed"); <u>Fort Mojave Tribe v. LaFollette</u>,
22  478 F.2d 1016, 1018 (9th Cir. 1973) (same); <u>Skokomish Indian Tribe v.</u>
23  <u>E.L. France</u>, 269 F.2d 555, 560 (9th Cir. 1959) (same); <u>Choctaw &</u>
24  <u>Chickasaw Nations v. Seitz</u>, 193 F.2d 456, 458 (10th Cir. 1952) (same).
25  Consequently, Indians and Indian tribes may maintain actions to
26  protect their interest in Indian lands without joining the United
27  States as a party.  <u>Choctaw & Chickasaw Nations</u>, 193 F.2d at 458
28  ("Indians and Indian tribes . . . [may] maintain actions with respect

to their lands, although the United States would not be . . . a party."); <u>Fort Mojave Tribe</u>, 478 F.2d at 1018 ("Without joining the United States, an Indian tribe may sue in its own right to protect its interest in restricted land."); <u>Narragansett Tribe of Indians v. S. Rhode Island Land Dev. Corp.</u>, 418 F. Supp. 798, 812 (D.C.R.I. 1976) ("Indians and Indian tribes . . . [may] maintain [a] legal action to vindicate an asserted claim to land . . . in the absence of the United States as a party.").

Consequently, the United States was not an indispensable party to the Washoe Tribal Court eviction action brought by Defendants to protect their interest in Indian trust land.  Although Plaintiff relies on <u>Imperial Granite Co.</u>, 940 F.2d at 1272 n.4, for an opposite conclusion, the litigation involved in <u>Imperial Granite</u> is distinguishable from that in the Washoe Tribal Court.  In <u>Imperial Granite</u>, "the litigation was instituted by non-Indians for the purpose of effecting the alienation of tribal or restricted lands, not by individual Indians or a tribe seeking to protect Indian land from alienation."  <u>See</u> <u>Puyallup Indian Tribe</u>, 717 F.2d at 1255, n.1. Unlike <u>Imperial Granite</u>, Defendants brought the Washoe Tribal Court action to protect, not alienate, Indian trust lands.  <u>See</u> <u>id.</u> (stating that the United States is not an indispensable party to a suit instituted by Indians to protect their interest in tribal lands). Since Plaintiff advances no other arguments as to why the Washoe Tribal Court exceeded the lawful limits of its jurisdiction, his motion for summary judgment on this issue is denied.

<u>CONCLUSION</u>

Defendants' motion to dismiss this federal action for lack of subject matter jurisdiction and failure to exhaust tribal remedies

is denied.  Further, since the tribal court did not exceed its

jurisdiction, Plaintiff's motion for summary judgment on this issue

and Plaintiff's claims for declaratory and injunctive relief are

denied.  Therefore, the Clerk's Office is directed to enter judgment

in favor of Defendants.

            IT IS SO ORDERED.

Dated:  July 5, 2006

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge